IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NORMAN H. FENTON, DAVID CARNEY-
FENTON, and LISA CARNEY-FENTON,

             Plaintiffs,

   v.

CITY OF PORTLAND, an Oregon municipal
corporation,

             Defendant.

CV-09-1240-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiffs filed this action to seek compensation from defendant, the City of Portland, for an alleged taking under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 18, of the Oregon Constitution. The City has filed a motion to dismiss for lack of subject matter jurisdiction (docket #5) based on plaintiffs' failure to exhaust their

1 - FINDINGS AND RECOMMENDATION

state-provided administrative and judicial remedies. For the reasons set forth below, that motion should be granted.

## ALLEGATIONS

In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F3d 1480, 1484 (9th Cir 1995).

Plaintiffs allege that several years ago, David and Lisa Carney-Fenton sought permission from the City of Portland to subdivide a parcel of property. Complaint, ¶ 2. The property is located in southwest Portland and abuts an existing, but unimproved, City right-of-way. *Id*, ¶¶ 2, 4. Pursuant to Portland City Code 17.88.020(B), an applicant for such a partition "shall provide for" a "standard full width [street] improvement, including sidewalks," or such "portion" of the required street improvements "as designated by the City Engineer." In this case, the City Engineer did not require that plaintiffs construct a full-width street improvement as a condition of approval for their subdivision, but instead directed them to build a 214-foot long pedestrian path on the City right-of-way. Complaint, ¶ 4. According to plaintiffs, construction of the path costs approximately $11,800. *Id*. They further allege that this expense is an uncompensated "taking" of their property, an illegal exaction under the theory announced in *Dolan v. City of Tigard*, 512 US 374 (1994). *Id*.

Plaintiffs do not allege that they appealed the City's land partition decision and its associated pedestrian path condition to the Oregon Land Use Board of Appeals. Neither do they allege that they have sought compensation for the alleged taking through an action in Oregon state court.

2 - FINDINGS AND RECOMMENDATION

## **FINDINGS**

Although not specifically alleged, plaintiffs apparently claim jurisdiction under 28 USC § 1331 based on the existence of a federal question, namely a violation of the Takings Clause of the Fifth Amendment which prohibits the government from taking "private property . . . for public use, without just compensation." The "Fifth Amendment's guarantee that private property shall not be taken for a public use without just compensation was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 US 40, 49 (1960). It prohibits an "exaction [which] is a forced contribution to general governmental revenues . . . not reasonably related to the costs of using the [governmental service]." *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 US 155, 163 (1980). The Takings Clause is made applicable to the states by the due process clause of the 14th Amendment. *See Dolan*, 512 US at 384 n5.

A federal court has no jurisdiction over a takings claim unless it is "ripe." *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 US 172, 186 (1985). Plaintiffs challenge Portland City Code 17.88.020(B) as applied to their subdivision application. An as-applied takings claim is ripe only if the plaintiff can establish that: (1) "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue;" and (2) the claimant has sought "compensation through the procedures the State has provided for doing so." *Id* at 186, 194.

The City claims that plaintiffs have not fulfilled the second prong of this test. Under that prong, "'if a State provides an adequate procedure for seeking just compensation, the property

3 - FINDINGS AND RECOMMENDATION

owner cannot claim a violation of the [federal] Just Compensation Clause until it has used the procedure and been denied just compensation..."  *West Linn Corporate Park LLC v. City of West Linn*, 534 F3d 1091, 1100 (9th Cir 2008), quoting *Williamson*, 473 US at 195.  The City claims that several procedures for procuring compensation are available to plaintiffs, including administrative review of the exaction with the Oregon Land Use Board of Appeals ("LUBA") pursuant to ORS 197.825 and judicial review pursuant to ORS 197.796.

Plaintiffs concede that they have failed to seek compensation through available state procedures.[1]  Accordingly, their claims are not ripe and should be dismissed.  *See*, *e.g.*, *Equity Lifestyle Properties v. County of San Luis Obispo*, 548 F3d 1184, 1191-92 (9th Cir 2008) (affirming dismissal of premature federal takings claims where the plaintiff had not first sought compensation through the state-provided process); *Carson Harbor Village Ltd. v. City of Carson*, 353 F3d 824 (9th Cir) (same), *cert denied*, 543 US 874 (2004); *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F3d 651 (9th Cir 2003) (same), *cert dismissed*, 543 US 1041 (2005).

The court recognizes that for an allegedly unlawful exaction made under circumstances nearly identical to those at issue here, Magistrate Judge Hubel concluded that a plaintiff was not required to exhaust state remedies prior to filing state and federal takings claims in federal court.  *Skoro v. City of Portland*, No. 06-CV-1319-HU, 2007 WL 593577 (D Or Feb. 16, 2007).  Judge Hubel concluded that *Williamson* applied only to regulatory takings, not "physical takings" (including exactions), citing *Nelson v. City of Lake Oswego*, 126 Or App 416, 421-22, 869 P2d

---

[1] Plaintiffs also have made no attempt to demonstrate that state remedies are "unavailable or inadequate" so as to benefit from this recognized exception to the ripeness requirement.  *See Carson Harbor Village, Ltd,* 353 F3d at 827 (noting the rule that "a plaintiff may be excused from exhausting state remedies if the plaintiff demonstrates that the remedies are 'unavailable or inadequate'"), quoting *Williamson*, 473 US at 197.

350, 353-54 (1994), which held that a plaintiff could pursue state and federal takings claims in state court without first exhausting local administrative remedies.

However, *Skoro* conflicts with controlling Ninth Circuit precedent which holds that while the first prong of *Williamson* is relaxed in a physical takings claim, the plaintiff must still satisfy the second prong. Thus, in an exaction case, "'as in a regulatory takings case, the property owner must [still] have sought compensation for the alleged taking through available state procedures.'" *West Linn*, 534 F3d at 1100, quoting *Daniel v. County of Santa Barbara*, 288 F3d 375, 382 (9th Cir 2002);[2] *see also Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F2d 1398, 1402 (9th Cir 1989) ("Even in physical taking cases, compensation must first be sought from the state if adequate procedures are available."), *overruled on other grounds*, *Armendariz v. Penman*, 75 F3d 1311 (9th Cir 1996) (*en banc*). Plaintiffs admit they have not sought state compensation through available state-provided procedures. Therefore, this action is not ripe.

In their Reply, plaintiffs state that they will file an action in state court challenging the City's subdivision decision. Rather than accept dismissal (without prejudice) of their federal case, plaintiffs instead ask that the Court to "hold [this case] . . . as pending awaiting the outcome of the Plaintiff's suit in the circuit court." Reply, p. 4. If the state court rules in their

---

[2] In *West Linn*, the plaintiff had filed a lawsuit in state court prior to exhausting local remedies. The defendant removed the case to federal court and challenged plaintiff's inverse condemnation claims on the ground, among others, for failure to exhaust local remedies. The district court ruled in favor of the defendant on that issue and the plaintiff appealed. Citing *Nelson* and a contradictory LUBA decision, the Ninth Circuit found unsettled the issue whether filing a claim in state court without first exhausting available local remedies was sufficient to satisfy the exhaustion requirement under Oregon law. Noting that federal takings law "requires us to first resolve these state-law causes of action before reaching the merits of the federal takings arguments," *West Linn*, 534 F3d at 1093, citing *Williamson*, 473 US 172, it certified that question (and two others) to the Oregon Supreme Court. The Oregon Supreme Court accepted those certified questions in December 2008. *See West Linn Corporate Park, LLC v. City of West Linn*, 345 Or 461, 200 P3d 147 (2008). Unlike *West Linn*, here plaintiffs have failed to take even the minimal step of seeking compensation in state court prior to pursuing federal relief. This failure leaves their federal claim unripe.

5 - FINDINGS AND RECOMMENDATION

favor, they will dismiss this case. If the state court rules against them, then they believe that they will have exhausted their state court remedies and will pursue this case.

The court declines to do so for two reasons. First, lack of ripeness raises serious questions concerning jurisdiction—the very right of a court to hear a case. Second, the alternative would require the unnecessary maintenance of inactive cases on this court's docket which might never come back for a determination on the merits. Therefore, this action should be dismissed to allow plaintiffs to first pursue remedies afforded under state law.

## RECOMMENDATION

For the reasons set forth above, the City's Motion to Dismiss for Want of Jurisdiction (Ripeness) (docket # 5) should be GRANTED, and a judgment should be entered dismissing this case without prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 5, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 16th day of February, 2010.

                                                        s/ Janice M. Stewart_____
                                                        Janice M. Stewart
                                                        United States Magistrate Judge